## CLOWER *v.* STATE.

### Opinion delivered January 16, 1922.

1. PERJURY—SUFFICIENCY OF INDICTMENT.—An indictment for perjury which alleges that accused was called and sworn as a witness by the foreman of the grand jury, said grand jury being duly and legally sworn and impaneled to investigate violations of the penal laws of the State, and the said foreman being regularly appointed, etc., *held* to import necessarily that W. H. Roberts had authority to administer oaths, and that the grand jury was in session.

2. PERJURY—SUFFICIENCY OF INDICTMENT.—Where an indictment for perjury charges defendant with swearing falsely concerning an alleged purchase of whiskey from certain specified persons, and "from any one else," it sufficiently charged perjury in relation to the purchase from the persons named, even if it was too general to charge a purchase "from any one else."

3. PERJURY—SUFFICIENCY OF TESTIMONY.—In a prosecution for perjury, one witness is sufficient to prove what accused swore, but the falsity of his testimony must be established by something more than the testimony of one witness that he swore falsely.

4. PERJURY—INSTRUCTION AS TO CORROBORATION OF WITNESSES.—In a prosecution for perjury, it was error to refuse to charge "that a conviction for perjury cannot be had in this case save on the testimony of two credible witnesses, or on that of one witness corroborated by other evidence, showing that the statements of defendant on oath for which he was indicted, were in fact false."

Appeal from Lincoln Circuit Court; *W. B. Sorrels,* Judge; reversed.

*A. J. Johnson,* for appellant.

The motion for continuance should have been sustained. Appellant had discharged every burden on him in order to have witness Roberts in court. 94 Ark. 538; 99 Ark. 394; 100 Ark. 133.

The demurrer and motion to quash should have been sustained because the indictment was not filed in open court in the presence of all the grand jury. 19 Ark. 178; 24 Ark. 637; 31 Ark. 427; 33 Ark. 815; 93 Ark. 290.

The indictment does not allege that W. H. Roberts had authority to administer oaths. The mere fact that he was foreman of the grand jury in the absence of a showing that court was in session at the time is insufficient. Sec. 2590, C. & M. Digest; *Id.* sec. 3023; 100 Ark. 549.

Instruction No. 6, to the effect that the materiality of the testimony alleged to be false must be established by the evidence and cannot be left to presumption or inference, was the law and should have been given. 32 Ark. 192.

Instructions No. 9 and No. 10, to the effect that the falsity of the perjured testimony must be shown by at least two witnesses, or by the testimony of one witness corroborated by other evidence, were the law, and it was error to refuse them. 51 Ark. 138; 133 Ark. 341; 135 Ark. 275; Greenlief on Evidence, par. 257; Wharton's Crim. Ev. Vol. 1, (3rd Ed.) par. 387.

Instructions 3 and 5 given by the court were error, the first because it required no corroboration, and No. 5 because it was abstract and too general. 54 Ark. 336.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants.

Appellant does not allege in his motion for continuance that he himself believed to be true the facts which he expected to prove by his absent witness, which is a necessary allegation. *Brickey* v. *State,* 148 Ark. 595, and cases cited.

Appellant did not file a motion to quash the indictment, for any reason, and thereby waived any defects. 71 Ark. 180. The defect, if any, could not be reached by demurrer.

The allegation in the indictment to the effect that appellant was sworn by W. H. Roberts, foreman of the grand jury, etc., neccessarily imports that the Lincoln Circuit Court was in session, and the grand jury sitting.

Appellant's requested instruction given by the court as modified was correct. C. & M. Digest, § 3023.

Instructions 9 and 10 were properly refused. An accused can be convicted by the testimony of one witness, properly corroborated. Enc. of Ev. vol. 9, p. 759, 760.

*A. J. Johnson,* for appellant, in reply.

Appellant did allege that he believed the facts set out in his motion for continuance to be true, as shown by the last paragraph thereof.

The demurrer to the indictment was by its language in effect a motion to quash. An erroneous caption should be disregarded. 119 Ark. 224.

The allegation in the indictment that the defendant swore that he did not purchase whiskey from "any one else" is too general and indefinite. Sec. 3012, C. & M. Digest; 59 Ark. 113.

The evidence of one witness alone, not corroborated by any other evidence, is insufficient to warrant a conviction. Enc. Ev., vol. 9, p. 759, 760.

HUMPHREYS, J. Appellant was indicted, tried and convicted of the crime of perjury in the Lincoln Circuit Court, and as punishment therefor adjudged to serve a term of one year in the State penitentiary. A demurrer was filed, attacking the sufficiency of the indictment on several grounds, which was overruled by the court. Appellant insists that each of the three following grounds set forth in his demurrer was a good and sufficient attack upon the indictment; first, that the indictment was not filed in open court in the presence of all the grand jury; second, that the indictment

contained no averment that W. H. Roberts had authority to administer oaths, and that the grand jury was in session on the 17th day of May, 1921, the day appellant is alleged to have falsely testified; and, third, that the allegation contained in the indictment charging the appellant with purchasing whiskey from "any one else," and with contributing money to purchase whiskey from "any one else," is general and states no charge.

(1). This ground of attack is met by the following recital in the judgment: "Defendant (appellant) waives arraignment on the indictment therein for the crime of perjury, which indictment was regularly returned and filed in open court in the presence of all the grand jury May 17th, 1921."

(2). This ground of attack is met by the fact that both averments appear in substance in the indictment. The following allegation in the indictment necessarily imports that W. H. Roberts had authority to administer the oath, and that the grand jury was in session at the time: "The said John Tom Clower, in the county and State aforesaid, on the 17th day of May, 1921, did then and there, being called and sworn as a witness by W. H. Rogers, foreman of the grand jury of Lincoln County, Arkansas, said grand jury being duly and legally sworn and impaneled to investigate violations of the penal laws of the State of Arkansas, and the said W. H. Roberts being regularly appointed as foreman of said grand jury, the said John Tom Clower being and sworn by the said W. H. Roberts that the testimony he should give before said grand jury concerning all legal matters about which he should be interrogated should be the truth, the whole truth and nothing but the truth, and, after being so regularly sworn by said W. H. Roberts as aforesaid, did then and there wilfully, unlawfully, feloniously and corruptly depose and swear as follows."

(3) The answer to this ground of attack is that, while necessary to name the party from whom appel-

lant purchased whiskey in order to give him notice of
the falsity of the testimony charged against him, the
indictment did specifically charge him with swearing
falsely concerning an alleged purchase of whiskey from
Ray Roberts and Mead Roberts.   Even if the indict-
ment was insufficient to charge perjury in relation to
purchases of whiskey from "any one else," it suf-
ficiently charged perjury in relation  to a  purchase
from the Roberts brothers.

In the course of the  trial  two  witnesses,  Edgar
Collins and Fred Knuckols, testified that on or about
the 8th day of May, 1921, they accompanied appellant,
in his automobile, to a point near the home of Mead
and Ray Roberts for the purpose of purchasing whis-
key from them; that appellant gave Edgar Collins the
money with which to purchase the whiskey, and that
he went to the Roberts home and purchased some
whiskey from Ray Roberts, which was brought back,
and, after appellant took a drink, was placed in a car.
Based upon this testimony, appellant  requested  the
court to instruct the jury as  follows:   "You  are  in-
structed that a conviction for perjury cannot be had in
this case save on the testimony of two  credible  wit-
nesses or on that of one witness corroborated by other
evidence, showing that the statements of defendant on
oath for which he was indicted were in fact false; there-
fore, if the State fails to show by testimony thus corrob-
orated that one or more of the assignments of perjury
was false and that said testimony was material to the
inquiry before the grand jury at the time, you should
acquit the defendant", which the court refused to do,
over the objection and exception of appellant.

This court is committed to the doctrine that to
sustain an indictment for perjury "the evidence must
more than counterbalance the oath of the prisoner and
the legal presumption of his innocence.  One witness
is sufficient to prove what  the  witness  swore,  but

more is necessary to prove the falsity of what was sworn. The oath of the prisoner is entitled to have the same effect as is given to that of a credible witness. If nothing more than the testimony of one witness was introduced to prove its falsity, the scale of evidence would be exactly balanced, and additional evidence would be necessary to destroy the equilibrium before the accused could be convicted.'' *Thomas* v. *State,* 51 Ark. 138. See also *Atkinson* v. *State,* 133 Ark. 341; *Lamb* v. *State,* 135 Ark. 275.

The State contends that the vice in the instruction requested and refused lies in the clause ''that a conviction for perjury cannot be had in this case save on the testimony of two credible witnesses,'' but with that clause excluded the instruction correctly declared the law. The clause referred to was an alternative statement, and is tantamount to saying that, unless the charge for perjury was established by two credible witnesses, it must necessarily have been established by one credible witness corroborated by other evidence. This was a correct declaration of the law, for, unless the charge was established by one credible witness, corroborated by other evidence, it necessarily follows that a conviction must have been established by the evidence of two credible witnesses. The court should have given instruction 9, as well as instruction 10, requested by appellant, which latter instruction was the same as instruction 9, but carrying the additional direction that a charge of perjury must be established by the State beyond a reasonable doubt.

For the error in refusing to give instructions numbered 9 and 10, requested by appellant, the judgment is reversed, and the cause remanded for a new trial.