## WEILER *v.* UNITED STATES.

No. 340. Argued January 10, 11, 1945.—Decided January 29, 1945.

*Messrs. Peter P. Zion* and *Hirsh W. Stalberg* for petitioner.

*Assistant Attorney General Wechsler* argued the cause, and *Solicitor General Fahy, Assistant Attorney General Tom C. Clark, Messrs. W. Marvin Smith, Robert S. Erdahl,* and *Miss Beatrice Rosenberg* were on the brief, for the United States.

Mr. Justice Black delivered the opinion of the Court.

This Court stated in *Hammer* v. *United States*, 271 U. S. 620, 626, that "The general rule in prosecutions for perjury is that the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused set forth in the indictment." The question here is whether it is reversible error to refuse to charge the jury to this effect.

The petitioner was convicted of perjury in a federal district court.[1] In a prior criminal proceeding for violation of Office of Price Administration regulations he had testified that he had neither bought nor had in his possession in March, 1942, certain automobile tires. He further testified that although he had signed a notarized letter in which he stated that he had purchased the tires, he was not in reality the purchaser, but had merely lent the money for their purchase, and had signed the letter as an accommodation. The jury acquitted him and he was then indicted for perjury. The indictment charged that his testimony with reference to the tire transaction was false. In the perjury trial the petitioner reiterated his former testimony as to the tire transaction. Several government witnesses gave testimony from which the jury could have found that petitioner was in fact the purchaser.

When the evidence was completed, petitioner requested the trial judge to give the following instruction to the jury:

"The Government must establish the falsity of the statement alleged to have been made by the defendant under oath, by the testimony of two independent witnesses or one witness and corroborating circumstances. Unless that has been done, you must find [the] defendant not guilty."

---

[1] 18 U. S. C. 231 defines the federal offense of perjury.

This instruction was refused, and the trial judge in his oral charge completely omitted any reference to the "two witness rule" in perjury cases. The petitioner was convicted, and the Circuit Court of Appeals affirmed on the ground that it was for the court to determine whether the quantitative rule of evidence in perjury had been satisfied, that it had been satisfied in this case, and that consequently the District Court had properly refused the requested charge. 143 F. 2d 204. Other Circuits have held that similar charges should be given. *Pawley* v. *United States,* 47 F. 2d 1024, 1026, (C. C. A. 9); *Allen* v. *United States,* 194 F. 664, 668, (C. C. A. 4).

In granting certiorari we limited review solely to the question of whether the trial court erred in denying this charge.

*First.* The government asks that we reexamine and abandon the rule which bars a conviction of perjury on the uncorroborated testimony of a single witness. The argument is that while this quantitative rule as particularly applied to perjury cases may have been suited to the needs of the 18th Century, it has long since outlived its usefulness, that it is an incongruity in our modern system of justice, and that it raises an unjustifiable barrier to convictions for perjury.

Our system of justice rests on the general assumption that the truth is not to be determined merely by the number of witnesses on each side of a controversy. In gauging the truth of conflicting evidence, a jury has no simple formulation of weights and measures upon which to rely. The touchstone is always credibility; the ultimate measure of testimonial worth is quality and not quantity. Triers of fact in our fact-finding tribunals are, with rare exceptions, free in the exercise of their honest judgment to prefer the testimony of a single witness to that of many.

The special rule which bars conviction for perjury solely upon the evidence of a single witness is deeply rooted in

past centuries.[2]    That it renders successful perjury prosecution more difficult than it otherwise would be is obvious, and most criticism of the rule has stemmed from this result.   It is argued that since effective administration of justice is largely dependent upon truthful testimony, society is ill-served by an "anachronistic" rule which tends to burden and discourage prosecutions for perjury.   Proponents of the rule, on the other hand, contend that society is well-served by such consequence.   Lawsuits frequently engender in defeated litigants sharp resentments and hostilities against adverse witnesses, and it is argued, not without persuasiveness, that rules of law must be so fashioned as to protect honest witnesses from hasty and spiteful retaliation in the form of unfounded perjury prosecutions.

The crucial role of witnesses compelled to testify in trials at law has impelled the law to grant them special considerations.   In order that witnesses may be free to testify willingly, the law has traditionally afforded them the protection of certain privileges, such as, for example, immunity from suits for libel springing from their testimony.[3]   Since equally honest witnesses may well have differing recollections of the same event, we cannot reject as wholly unreasonable the notion that a conviction for perjury ought not to rest entirely upon "an oath against an oath."   The rule may originally have stemmed from quite different reasoning, but implicit in its evolution and continued vitality has been the fear that innocent witnesses might be unduly harassed or convicted in perjury prosecutions if a less stringent rule were adopted.

Whether it logically fits into our testimonial pattern or not, the government has not advanced sufficiently cogent reasons to cause us to reject the rule.   As we said in *Hammer* v. *United States, supra,* 626–627, "The applica-

---

[2] Wigmore on Evidence (Third Edition) §§ 2030–2044.

[3] See also 8 Wigmore, *supra,* § 2195g.

tion of that rule in federal and state courts is well nigh universal. The rule has long prevailed, and no enactment in derogation of it has come to our attention. The absence of such legislation indicates that it is sound and has been found satisfactory in practice." [4]

*Second.* The court below held, and the government argues here, that it is solely the function of the judge finally to determine whether a single witness and sufficient corroborative evidence have been presented to sustain a conviction. Two elements must enter into a determination that corroborative evidence is sufficient: (1) that the evidence, if true, substantiates the testimony of a single witness who has sworn to the falsity of the alleged perjurious statement; (2) that the corroborative evidence is trustworthy. To resolve this latter question is to determine the credibility of the corroborative testimony, a function which belongs exclusively to the jury.[5] Thus, to permit the judge finally to pass upon this question would enable a jury to convict on the evidence of a single witness, even though it believed, contrary to the belief of the

---

[4] After a careful study made by a joint Parliamentary Committee, looking to a codification of English criminal laws, it unanimously recommended and Parliament passed the following law:

"A person shall not be liable to be convicted of any offence against this Act, or of any offence declared by any other Act to be perjury or subornation of perjury, or to be punishable as perjury or subornation of perjury solely upon the evidence of one witness as to the falsity of any statement alleged to be false." Perjury Act, 1911, 1 & 2 Geo. V, c. 6, § 13, Public General Acts, 1st & 2nd Geo. V, 1911; Parliamentary Debates, Lords, Vol. VII, 1911, pp. 143–146; Reports from the Joint Select Committee of the House of Lords and the House of Commons on the Licensing (Consolidation) Bill and the Perjury Bill [H. L.], 1910, No. 321, p. 62. Cf. *State* v. *Storey,* 148 Minn. 398, 182 N. W. 613; *Marvel* v. *State,* 33 Del. 110, 131 A. 317.

[5] See *State* v. *Hill,* 223 N. C. 711, 28 S. E. 2d 100; *Brown* v. *State,* 101 Tex. Crim. Rep. 639, 644, 276 S. W. 929; *Clower* v. *State,* 151 Ark. 359, 236 S. W. 265; *Madden* v. *State,* 26 Okla. Cr. 251, 223 P. 716.

trial judge, that the corroborative testimony was wholly untrustworthy. Such a result would defeat the very purpose of the rule, which is to bar a jury from convicting for perjury on the uncorroborated oath of a single witness. It is the duty of the trial judge, when properly requested, to instruct the jury on this aspect of its function, in order that it may reach a verdict in the exercise of an informed judgment. Cf. *Bruno* v. *United States*, 308 U. S. 287. The refusal of the trial judge to instruct the jury as requested was error.

*Third.* It is argued that this error did not prejudice the defendant. We cannot say that it did not. The jury convicted without being instructed that more than the testimony of a single witness was required to justify their verdict. This was no mere "technical" error relating to the "formalities and minutiae" of the trial. *Bruno* v. *United States, supra,* 293, 294. We are not authorized to look at the printed record, resolve conflicting evidence, and reach the conclusion that the error was harmless because we think the defendant was guilty. That would be to substitute our judgment for that of the jury and, under our system of justice, juries alone have been entrusted with that responsibility. Nor are we compelled to conclude that this error was harmless because of our action in *Goins* v. *United States*, 306 U. S. 622, by which we left undisturbed a holding of the Circuit Court of Appeals that Goins, convicted for perjury, had not been prejudiced by the refusal of a charge on the two witness rule. *Goins* v. *United States*, 99 F. 2d 147. That case was decided on the basis of its own peculiar facts and cannot be extended to the facts of this one.

*Reversed.*