**MARAGON v. UNITED STATES.**

No. 10628.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 12, 1950.

Decided Oct. 23, 1950.
Writ of Certiorari Denied May 14, 1951.
See 71 S.Ct. 804.

Irvin Goldstein, Washington, D. C., with whom Edward J. Hayes and William A. Kehoe, Jr., Washington, D. C., were on the brief, for appellant.

Charles B. Murray, Asst. U.S. Atty., with whom George Morris Fay, U.S. Atty. and Stafford R. Grady, Asst. U.S. Atty., Washington, D. C., were on the brief, for appellee.

Joseph M. Howard, Asst. U.S. Atty., Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, PRETTYMAN, and PROCTOR, Circuit Judges.

PRETTYMAN, Circuit Judge.

Appellant was indicted for and convicted of perjury. Upon this appeal he raises a number of questions, two of which require brief comment.

Appellant testified under oath before the Investigating Subcommittee of the Senate Committee on Expenditures in the Executive Departments that he did not have any bank account in 1945 or 1946 except one in the Union Trust Company of Washington, D. C. As a matter of fact, he did have another substantial bank account in San Antonio, Texas. This fact was established upon the trial by the bank records, by cashier's checks bought by appellant in Washington and deposited in the San Antonio account, and by admissions made by the appellant to representatives of the Senate Subcommittee. No witness testified specifically that appellant had the bank account in Texas. He therefore contends that the evidence against him was not sufficient to meet the requirement of the established rule relative to the quantity of testimony necessary for conviction of perjury. He says that the rule is that no person may be convicted of perjury unless the falsity of the statement made under oath is established by the testimony of two independent witnesses or by one witness and corroborating facts and circum-

stances. But that is not the rule. The rule, as stated by the Supreme Court in Hammer v. United States[1] and iterated in Weiler v. United States,[2] is that the uncorroborated oath of one witness is not enough to establish, for purposes of conviction of perjury, the falsity of sworn testimony.[3] While upon first impression the two statements of the rule appear the same, they are not actually the same, and appellant's contention rests upon the erroneous version. The Government in the present prosecution did not rest upon the uncorroborated testimony of one witness. It rested upon an accumulation of uncontroverted documentary evidence, supplemented by identification of appellant as a party to some of the documents, and upon statements by appellant. We think the rule was not violated.

 Appellant next says that, although the statute[4] requires that the false statement must be made wilfully, the trial court failed to instruct the jury upon wilfulness. The instruction, which was repeated by the trial judge, was:

"Perjury is simply the giving of false testimony under oath, testimony that a party does not believe to be true. If he testifies before a competent tribunal as to a fact which is false, and he does not believe it to be true, then that would be perjury."

We think the instruction sufficient. The court did not in terms define the word "wilfully", but it gave the clear and correct meaning of the requirement of the statute. While, as we have said before,[5] "wilfully" in a criminal statute may have any one of a number of meanings, we think it is clear that in the perjury statute it means "knowingly" or "intentionally".[6]

We have examined the other points made by the appellant, but we find no error in the record with respect to them.

Affirmed.

1. 1926, 271 U.S. 620, 626, 46 S.Ct. 603, 70 L.Ed. 1118.

2. 1945, 323 U.S. 606, 65 S.Ct. 548, 89 L. Ed. 495. See also United States v. Wood, 1840, 14 Pet. 430, 10 L.Ed. 527; Cook v. United States, 1906, 26 App.D.C. 427.

3. It is true that in Weiler v. United States, supra, the Court concluded that the refusal of the trial judge to instruct the jury "as requested" was error and that the requested instruction was that "The Government must establish the falsity of the statement alleged to have been made by the defendant under oath, by the testimony of two independent witnesses or one witness and corroborating circumstances. Unless that has been done, you must find [the] defendant not guilty." [323 U.S. 606, 65 S.Ct. 549]. However, the Court stated the rule to be that the uncorroborated oath of one witness was not enough and throughout the opinion discussed the rule as thus stated. We think that the reference of the Court to the failure to instruct "as requested" meant failure to instruct according to the rule and not failure to instruct in the precise language of the request.

4. 31 Stat. 1329 (1901), D.C.Code § 22—2501 (1940).

5. Townsend v. United States, 1938, 68 App.D.C. 223, 95 F.2d 352, certiorari denied, 1938, 303 U.S. 664, 58 S.Ct. 830, 82 L.Ed. 1121; Fields v. United States, 1947, 82 U.S.App.D.C. 354, 164 F.2d 97, certiorari denied, 1948, 332 U.S. 851, 68 S.Ct. 355, 92 L.Ed. 421.

6. United States v. Norris, 1937, 300 U.S. 564, 57 S.Ct. 535, 81 L.Ed. 808; People v. Darcy, 1943, 59 Cal.App.2d 342, 139 P.2d 118, 123; Garza v. State, Tex.Crim. App.1898, 47 S.W. 983.