Dr. Alexander V. SPAETH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12180.

United States Court of Appeals, Sixth Circuit.

Jan. 25, 1955.

---

Timothy F. McMahon, Cleveland, Ohio, William J. Corrigan, Cleveland, Ohio, on brief, for appellant.

James J. Carroll, Asst. U. S. Atty., Cleveland, Ohio, Sumner Canary, Cleveland, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

STEWART, Circuit Judge.

In the trial of two persons accused of bank robbery, appellant, a practicing physician, testified that he had treated one of the accused in his office at ten a. m., on August 14, 1952, which was the date and approximate time of the robbery. He based this testimony on his office records. On cross-examination the government called appellant's attention to the fact that the "4" of the "August 14" on his records was handwritten quite heavily in ink, whereas the remainder of the date was stamped. In explanation, appellant testified that the date originally stamped on the record was the 14th and that the same handwritten figure "was put in by myself at the time of the visit. That happens often, the stamp is incomplete or fades, and I write over it."

Appellant was subsequently indicted, tried and convicted of perjury, on the ground that the original stamped date was August 18, and that he knew this to be so at the time he falsely testified otherwise. 18 U.S.C. § 1621. This appeal followed.

At the trial of this case various enlarged photographs of the writing in question were admitted in evidence. These showed what appeared to be a round-bodied figure underlying the "4," and were such that the jury could properly have concluded from them that the "4" had been superimposed on an "8." Two government witnesses were qualified as experts in examining such documents, and testified, over objection, that in their opinion the handwritten "4" had been superimposed on an "8." In addition, the government's case included evidence of a number of corroborating circumstances.

█ Appellant's first contention on this appeal is that the opinions of the expert witnesses as to the existence of a figure "8" under the "4" should have been excluded as invading the province of the jury. That argument was rejected by the Supreme Court in United States v. Johnson, 1943, 319 U.S. 503, 519, 63 S.Ct. 1233, 1241, 87 L.Ed. 1546, with the comment that it "tacitly assumes that juries are too stupid to see the drift of evidence. * * * So long as proper guidance by a trial court leaves the jury free to exercise its untrammeled judgment upon the worth and weight of testimony, and nothing is done to impair its freedom to bring in its verdict and not someone else's, we ought not be too finicky or fearful in allowing some discretion to trial judges in the conduct of a trial and in the appropriate submission of evidence within the general framework of familiar exclusionary rules." Applying this language to the present case, we find no merit in the appellant's contention, in view of the court's correct instructions to the jury in this regard.

██ It is next argued that there was insufficient evidence to support the verdict, in that the stringent degree of proof which is necessary to establish perjury was not met. The rule is that the falsity cannot be proved by circumstantial evidence alone nor by the uncorroborated testimony of one witness. Weiler v. United States, 1945, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495; Hammer v. United States, 1926, 271 U.S. 620, 46 S.Ct. 603, 70 L.Ed. 1118; Radomsky v. United States, 9 Cir., 1950, 180 F.2d 781; Allen v. United States, 4 Cir., 1912, 194 F. 664, 39 L.R.A.,N.S., 385. The proof in this case contained neither defect. The questioned writing itself, as revealed by the photographs, was directly, and not circumstantially, probative of the falsity of appellant's oath, and since this was in essence "documentary or written testimony springing from" the appellant, there was no failure to meet the required standards of proof. United States v. Wood, 1840, 14 Pet. 430, 39 U.S. 430, 10 L.Ed. 527.

█ Appellant further claims error in the court's refusal to instruct the jury that if appellant had sworn falsely "inadvertently, inconsiderately, or carelessly," or "with a mistaken but honest belief as to the truth of his testimony," then he must be acquitted. While such an instruction would have been proper, the court adequately covered the point by instructing the jury that willfulness in testifying falsely was "probably the essence of the offense," and by defining "willfully" to mean "knowingly and intentionally, done with corrupt design or purpose." Moreover, the requirement of willfulness was repeatedly adverted to by the court throughout the charge.

The remaining questions on this appeal are concerned with whether the court properly instructed the jury as to the stringent burden of proof peculiar to perjury cases. Appellant submitted four requested instructions, set out in the margin,[1] relevant to the rule that

---

1. 9. I instruct you that evidence is "direct" and "positive" when the facts in dispute are related or communicated by witnesses who have actual knowledge of them.

10. I instruct you that "circumstantial" evidence is that which tends to establish the fact to be proved only through inference based on human experience that a certain circumstance is

circumstantial evidence alone is insufficient to establish the offense of perjury, as also is the uncorroborated testimony of one witness.

All four of these requested instructions were refused. The court charged the jury that the burden was "upon the United States to establish his guilt beyond a reasonable doubt by clear, convincing and direct evidence." The jury was also charged that the introduction of documentary evidence "does not dispense with the requirement that such evidence be direct and positive as distinguished from circumstantial or negative." Other than these two passages, the jury was told nothing concerning the unique burden of proof obtaining in a perjury case, nor of the meaning of the terms direct and circumstantial evidence.

■■■ The law is clear that appellant was entitled to an instruction on the extraordinary burden of proof in perjury cases. Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 549, 89 L.Ed. 495. That case expressly reaffirms that "The general rule in prosecutions for perjury is that the uncorroborated oath of one witness is not enough to establish the falsity of the testimony of the accused set forth in the indictment." The case also clearly holds that "It is the duty of the trial judge, when properly requested, to instruct the jury on this aspect of its function, in order that it may reach a verdict in the exercise of an informed judgment." The Weiler opinion makes clear that this duty exists without regard to the number of prosecution witnesses who may have actually testified; that it is the function of the jury, not the court, to determine whether the standard has been met.

In the Weiler case, as in the present case, more than one witness actually gave testimony on behalf of the prosecution. In that case, as in this, there was in fact direct documentary evidence of perjury originating with the appellant himself. See Court of Appeals opinion in the Weiler case, 3 Cir., 143 F.2d 204, 209. There, as here, it was argued to the court that, in view of the record, the failure to instruct on the "two witness rule" did not prejudice the appellant. Nevertheless, the Supreme Court reversed the judgment of conviction because of the trial court's failure to so charge.

■■■ Whatever our independent judgment might otherwise be, we conclude that Weiler v. United States determines the question, and requires reversal of this conviction for a new trial.

The fact that two of the requested instructions were not completely accurate statements of the law did not operate to forfeit appellant's right to have the jury properly instructed on the points raised by the requests. Request No. 9 failed to define "direct evidence" broadly enough to include documentary as well as testimonial evidence, and the second sentence of request No. 18 would have improperly restricted the jury from basing a conviction on direct documentary evidence "springing from" appellant. United States v. Wood, supra; see Maragon v. United States, 1950, 87 U.S. App.D.C. 349, 187 F.2d 79. In the Weiler case itself, as was pointed out in the Maragon case, the request which was denied contained the same defect as appellant's request No. 18 in this case. See also Fraser v. United States, 6 Cir., 1944, 145 F.2d 145, 152. Moreover, re-

usually and reasonably present when another certain circumstance or set of circumstances is established.

11. I instruct you that the defendant cannot be convicted of the offense of perjury by circumstantial evidence, however persuasive. In order to convict the defendant of perjury the United States must prove the falsity of the defendant's

alleged sworn statement by direct and positive evidence.

18. I instruct you that you cannot convict the defendant of the offense of perjury on the uncorroborated statement of any one witness. A conviction of perjury must be based upon the testimony of two or more witnesses, or if only one witness, then such witness must be corroborated by other substantial evidence.

quests Nos. 10 and 11, dealing with circumstantial evidence, contained no such defect, and in this case instruction on that aspect of the law was probably as important.

It only remains to comment upon appellant's contention that his requested instruction that "opinion evidence is in the nature of circumstantial evidence" should have been given. While it may often be true that opinion evidence involves the witness's making an inference on the basis of established circumstances, that was not the case here. The expert witnesses in this case did substantially no more than testify what physical fact their more practiced eyes observed. As a trained musician may more readily distinguish a minute differentiation of pitch, so the jury would have been warranted in believing that these experts were able to see subtle differences of intensity. Their testimony as to their observation was therefore not circumstantial, and its credibility and weight were for the jury. For that reason, this request was properly denied.

The points covered by the four requested instructions concerning the higher quantum of proof required in perjury cases should have been included in the court's charge, and for that reason the judgment is reversed and the case remanded for a new trial.