Dr. Alexander V. SPAETH,
Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12669.

United States Court of Appeals
Sixth Circuit.

May 1, 1956.

MARTIN, Circuit Judge.

This is the second appeal by Dr. Alexander V. Spaeth from a judgment of conviction and sentence on the verdict of a jury, finding him guilty of perjury.

The opinion of this court on the first appeal, reversing the judgment of the district court and remanding the case for a new trial, is published in 6 Cir., 218 F.2d 361. We held, among other things, that the defendant was entitled to an instruction based on Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495, to the effect that, in prosecutions for perjury, the uncorroborated testimony of one witness is insufficient to establish the falsity of the testimony of the accused set forth in the indictment. We declared the rule to be that, in perjury cases, the falsity of the testimony cannot be proved by circumstantial evidence alone.

In the instant controversy, appellant asserts that the trial judge incorrectly charged the jury that: "Circumstantial evidence alone, when it satisfies the minds of the jury beyond a reasonable doubt, is sufficient to warrant conviction." But the judge also charged the jury that the element of falsity must be established, either by the testimony of two witnesses, or by that of one witness and other corroborating facts or circumstances to satisfy the jury beyond reasonable doubt that the statements of the defendant under oath were in fact false.

It is true, of course, that a reviewing court should not pick out one erroneous paragraph of a long charge and reverse upon it, if, upon consideration of the entire charge, it appears that the jurors were correctly instructed as to the applicable law in such manner as to leave no confusion in their minds. We cannot say that the jurors here may not have been confused by the conflicting statements as to the unique and stringent burden of proof to be carried by the Government in perjury cases; but we do not base reversal upon that proposition. We suggest, however, that,

Timothy F. McMahon, William J. Corrigan, Cleveland, Ohio, John C. Ray, Detroit, Mich., on brief, for appellant.

James J. Carroll, Sumner Canary, Cleveland, Ohio, Russell E. Ake, Canton, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

upon a re-trial, there shall be omitted from the charge the statement that a conviction is warranted upon circumstantial evidence alone, when it satisfies the minds of the jury beyond a reasonable doubt as to the guilt of the accused.

■ The judgment of the district court must be reversed and a new trial granted for the reason that it was reversible error to shut off the cross-examination of Joseph John Sanzo, in whose behalf Dr. Spaeth had testified as an alibi witness. Sanzo was convicted of the crime of bank-robbery, notwithstanding the testimony of Dr. Spaeth.

On direct examination by the Government attorney at Dr. Spaeth's trial, Sanzo identified the defendant in the courtroom and testified that the witness had not been in the doctor's office on August 14, 1952; and that he recalled the particular date for the reason that it was the day on which he had been "picked up" on his "case." On cross-examination by defendant's attorney, Sanzo was not permitted by the court to testify that he had been tried in the federal court for a crime; what the "case" was which he had mentioned in his direct testimony; whether he had appeared as a witness in his own behalf; whether he was in Cleveland on August 14, 1952; and whether he knew a man named Harry K. Peterson. The record shows that the attorney for defendant Spaeth, out of the hearing of the jury, offered to prove that, if permitted to answer, the witness, Sanzo, would have testified that he had been tried for the crime of bank-robbery, had been "picked up" on August 14, 1952, for that crime; that he had been in Cleveland on August 14, 1952; that he had not testified in his own behalf; that he had been sentenced in 1952; that he was confined in a federal institution; and that he had produced as a witness at his trial Harry K. Peterson who testified that Sanzo had been in Cleveland on August 14, 1952, thus making Peterson another alibi witness.

The attention of the district judge was not directed by the attorney for the defense (nor has our attention been called) to the opinion of this court in Sandroff v. United States, 6 Cir., 158 F.2d 623, 629, 630. There, we held that the trial judge committed reversible error in shutting off cross-examination of a co-conspirator of the defendants on the question of promised or expected immunity and in refusing to permit cross-examination of the witness as to why he and his son—though named as co-conspirators—had not been included as defendants in the indictment. We stated that an earlier decision and opinion of this court in Farkas v. United States, 6 Cir., 2 F.2d 644, 647, was directly in point and clearly compelled reversal of the judgment of the district court in the Sandroff case and remand of the case for a new trial.

Our opinion in the Farkas case, supra, declared that it was entirely proper on cross-examination of a witness "to show a belief or even only a hope on his part that he will secure immunity or a lighter sentence, or any other favorable treatment, in return for his testimony, and that, too, even if it be fully conceded that he had not the slightest basis from any act or word of the district attorney for such a belief or hope."

In the Sandroff opinion, supra, we pointed out that the Supreme Court had held in Alford v. United States, 282 U.S. 687, 692, 693, 694, 51 S.Ct. 218, 220, 75 L.Ed. 624, that the defense has the right to show by cross-examination that the testimony of a prosecuting witness was affected by *fear or favor growing out of his detention.* We stated, further, that the ruling of the trial court cutting off *in limine* all inquiry as to whether the testimony of the witness was biased "because given under promise or expectation of immunity, or under the coercive effect of his detention by officers of the United States, which was conducting the present prosecution", had been held to be an abuse of discretion and to constitute prejudicial and reversible error. We called attention, too, to the fact that the opinion of this court in the Farkas case had been cited three times in the

opinion of the Supreme Court in the Alford case; and that Mr. Justice Stone had stated the essence of a fair trial to be that reasonable latitude be given a cross-examiner. We quoted his assertion that: "To say that prejudice can be established only by showing that the cross-examination, if pursued, would necessarily have brought out facts tending to discredit the testimony in chief, is to deny a substantial right and withdraw one of the safeguards essential to a fair trial."

We consider the principle of the Farkas, Alford and Sandroff cases to be directly applicable here and to compel reversal. The testimony of the convicted bank-robber, Sanzo, that he had not been in the office of Dr. Spaeth on August 14, 1952, was in direct contradiction of the doctor's testimony in support of Sanzo's attempted proof of an alibi and was highly prejudicial to the doctor upon his trial for perjury. Indeed, the testimony of Sanzo was probably most influential in bringing about the appellant doctor's conviction.

The defense should have been permitted to subject Sanzo to rigid cross-examination. Sanzo had turned against his witness whose testimony—if believed—would have caused him to be acquitted of the charge of bank-robbery; for, had he been in the doctor's office on the morning of August 14, 1952, he could not have committed the crime of bank-robbery at Warren, Ohio, on that date. In all the circumstances, it would have been proper to permit careful scrutiny of Sanzo's motive for testifying against Dr. Spaeth. His testimony could well have been guided by his hope of an early parole as a reward for becoming a Government witness against appellant. It is not intended remotely to convey the impression that the United States Attorney might have promised Sanzo a recommendation for parole as a consideration for his testimony. Mere hope upon the part of Sanzo that he would be so rewarded would supply sufficient motive for his testimony against Dr. Spaeth.

In our judgment, cross-examination is generally an even more effective factor in revealing truth than is the oath of a witness. While the slogan that cross-examination should be limited to the subject matter brought out by direct-examination may be accepted as a generalization, cross-examination in the interest of substantial justice seeking to elicit relevant truth should not be narrowly curtailed.

The judgment of conviction and sentence is reversed; and the cause is remanded to the United States District Court for a new trial.