Victor L. DE CASAUS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15389.

United States Court of Appeals
Ninth Circuit.

Nov. 22, 1957.

Rehearing Denied Jan. 14, 1958.

Morris Lavine, Los Angeles, Cal., for appellant.

Laughlin E. Waters, U. S. Atty., Lloyd F. Dunn, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HEALY, POPE and CHAMBERS, Circuit Judges.

HEALY, Circuit Judge.

Appellant was convicted by a jury of the offense of making a false statement to an investigating officer of the Commodity Credit Corporation (hereafter CCC) in violation of 15 U.S.C.A. § 714m.[1] He attacks his conviction generally as being based on an insufficient indictment and as not being supported by the evi-

[1] "§ 714m. Crimes and offenses—False statements; overvaluation of securities.

"(a) Whoever makes any statement knowing it to be false, or whoever willfully overvalues any security, for the purpose of influencing in any way the action of the Corporation, or for the purpose of obtaining for himself or another, money, property, or anything of value, under sections 714–714o of this title, or under any other Act applicable to the Corporation, shall, upon conviction thereof, be punished by a fine of not more than $10,000 or by imprisonment by not more than five years, or both. * * *"

dence. The indictment is set out in footnote [2] below.

The proof in the case for the government was that appellant, as general manager of Casaus Company, had negotiated the purchase for export of some 15,000 cwt. of lima beans from the CCC for a price below the domestic market price. Failure so to export rendered the Company liable to the CCC for the difference between the price paid and the domestic market price. Investigation by CCC produced evidence (introduced at the trial) showing that a substantial amount of the beans purchased from the CCC were sold domestically, and that documents supplied by Casaus Company showing export of such beans were false. The government's chief witness was one Kennedy, a special agent of CCC. He testified that on November 1, 1954, during his investigation, he met with appellant and was shown a paper wherein appellant had stated that Casaus Company had received 15,417.20 cwt. of beans from the CCC. Kennedy testified, "Mr. Casaus said that all these beans had been exported at this time." He further deposed that appellant stated that he "had received all lima beans under all of the transactions with the CCC and that he had exported them all."

■ This evidence abundantly supported the indictment, and the latter in turn was clearly sufficient to support conviction under the statute. Compare United States v. Debrow, 346 U.S. 374, at page 376, 74 S.Ct. 113, 114, 98 L.Ed. 92.

■■ Appellant contends that a conviction cannot be supported by a single witness to the conversation. Such argument has been rejected in this circuit in non-perjury cases. Todorow v. United States, 173 F.2d 439; Fisher v. United States, 231 F.2d 99. And it hardly need be added that, even in perjury cases, one witness corroborated, as here, by circumstantial evidence is sufficient. Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495.

■ Appellant asserts that the statute which he is charged with violating does not apply to statements made to investigating officers. Arguments to that effect have been universally rejected in cases involving like statutes. United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598; Cohen v. United States, 9 Cir., 201 F.2d 386; Marzani v. United States, 83 U.S.App.D.C. 78, 168 F.2d 133.

■ Finally appellant claims error in the trial court's refusal to allow him to search through voluminous government Customs records (some 50,000 in number). These records are kept secret by Department of Agriculture regulation in order to prevent unfair competition among shippers. On this point the issue below was whether certain export documents had been filed among these records. The nonexistence of such documents was testified to by two custodial agents, the thoroughness of their search being tested by cross-examination. This was far more than is required by Rule 44(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., incorporated by reference in Rule 27 of the Federal Rules of Criminal Procedure, 18 U.S.C.A.

■ Appellant asserts, however, that the court's refusal to allow the search was error in light of the recent decision

2. "On or about November 1, 1954 at Los Angeles, California, within the Southern District of California, Central Division, Victor L. de Casaus did make a statement knowing it to be false, for the purpose of influencing the action of the Commodity Credit Corporation, an agency of the United States Department of Agriculture, and for the purpose of obtaining for himself money and property and other things of value, in that he did then and there state to an officer of the United States Department of Agriculture, namely, Special Agent Doyle S. Kennedy, that as of October 6, 1954 Casaus, Inc. had exported to the Republic of Mexico, 15,-424-cwt of lima beans which Casaus had purchased from the Commodity Credit Corporation, when in truth and in fact as defendant then and there well knew, a much lesser quantity of such beans had actually been exported to the Republic of Mexico by Casaus, Inc."

in Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103. We think the Jencks holding has no application to the situation before us. The record shows that the testimony of the two Customs agents, mentioned above, was material only as proof of counts 1 and 3 of the indictment. After the motion for inspection had been made the government voluntarily dismissed those two counts. The testimony of the government's witnesses therefore became immaterial to the prosecution's case, and appellant had no need for the aid of government documents further to test the accuracy of the testimony.

Affirmed.

POPE, Circuit Judge (concurring specially).

I think it is in order to say something about the specification of error based on the refusal of the court to require a production of customs office records for defendant's inspection. Appellant's presentation of this point is most inadequate. Wholly apart from the language of our Rule 18, 28 U.S.C.A., relating to the form and contents of briefs, it is fundamental that it is the duty of an appellant here to present an intelligible brief so that this court can learn therefrom what the party is talking about.

Here appellant argues about his motion, application or request to be permitted to examine or inspect records, but his brief contains not one single reference to any page of the ten-volume record, nor does it quote or state the substance of the asserted motion or application. By dint of a search, which no court should be required to make without the assistance of counsel, I find that midway of the trial appellant asked and was ordered to be allowed to inspect the export declarations covering the periods encompassing the dates of the claimed shipments specified in counts 1 and 3 of the indictment. Government witnesses had testified that in these periods there were no records of such shipments by appellant. Actually appellant did not inspect these records because counts 1 and 3, to which they related, were dismissed. No complaint can be made by appellant as to this.

Some 160 pages further along, and three days later, defendant asked for something else relating to counts 2 and 4, but the request as stated is, I think, wholly unintelligible. What was said is copied in the margin.[1]

The Government's proof had been that large quantities of surplus beans bought by appellant from Commodity Credit Corporation at reduced prices were sold by him on the domestic market, rather than exported as he represented. He had furnished the Corporation Mexican landing receipts which were proven to be false. A check of his truck, supposedly hauling lima beans to Mexico, showed that behind a thin layer of lima beans which was supposed to be its whole load, were other products.

The most liberal interpretation that can be given to appellant's stated request is that he wanted to have for inspection all of the customs records of export declarations covering the period from March 1, to October 6, 1954. The evidence indicates that such export declarations numbered some 400 per day,

---

1. "Mr. Lavine: What I wanted, your Honor, in reference to Counts 2 and 4, which are the only counts left—

"The Court: What you want is with relation to what?

"Mr. Lavine: Count 2 was as to the records on file of exports by Casaus, Inc., from March 1, 1954, to and including June 10, showing exports by Casaus, Inc., Casaus Bros., New Mexico Bean Company, and those others, those names I gave you as to the quantity of exports which they had to the Republic of Mexico between March 1st and June 10th.

"The Court: Go ahead and finish your motion.

"Mr. Lavine: Then as to Count 4, in the same manner, the same proof of export in possession of the Government as to lima beans from March 1, 1954, to October 6, 1954, showing the record on file with the Government of the quantity of lima beans exported to the Republic of Mexico by those named."

which would make, for this 150 days, something like 60,000 documents which appellant was asking to be produced for his use and examination at this stage of the trial. The court offered to require production of any documents of this character which defendant might specify as representing exports by him, but denied the blanket motion as "too broad and all-inclusive."

The facts of this case present no problem similar to that treated in the Jencks case (Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103). What appellant was seeking here were documents solely for discovery, not for use on cross-examination of any Government witness. An accused's rights of discovery, and the procedure to enforce the same, are stated in the Criminal Rules (Rules 16 and 17). The extent and reach of those rights is discussed in Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879. I think defendant's rights to demand inspection of the customs records here referred to would be subject to the same limitations as his rights to obtain documents, or to have discovery, under Rules 16 and 17.

As noted in the Bowman Dairy case, supra, the right to procure documents in possession of the Government under Rule 17 is subject to the trial court's power to quash or modify a subpoena therefor. Under Rule 17(c) the trial court may take such action "if compliance would be unreasonable or oppressive." Here a demand, made midway of the trial, to inspect each of some 60,000 documents, which would involve suspension of the trial for that purpose, would appear to be a demand which the court in its discretion could properly find unreasonable. After all, appellant made no showing to indicate that his proposed search was likely to turn up any specified documents.

I have noted above that the court ordered produced for inspection the records covering the limited periods involved in counts 1 and 3. These were brought into court. They filled seven boxes and weighed 400 pounds. Even these, the court thought "sounds like many thousands of documents to me—dealing with other people, other transactions of confidential nature." The demand for this larger, massive production resembles the demand for "a carload of personnel jackets" referred to in United States v. Echeles, 7 Cir., 222 F.2d 144, certiorari denied 350 U.S. 828, 76 S.Ct. 58, 100 L.Ed. 739.

There is also complaint about the refusal of the court to grant a motion, made by appellant in the midst of the trial, to take depositions in Mexico. There was no showing of any excuse for failure to comply with the rules relating to notice of taking depositions, or of any reason for such a belated request.