**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**John SALANITRO, Defendant-Appellant.**

**No. 721-69.**

United States Court of Appeals,
Tenth Circuit.

Sept. 28, 1970.

James J. Morrato, Denver, Colo. (Erickson & Littell, Denver, Colo., on the brief), for appellant.

Marvin R. Loewy, Washington, D. C. (James L. Treece, U. S. Atty., District of Colorado and Thomas M. Vockrodt, Sp. Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before JONES*, BREITENSTEIN, and HOLLOWAY, Circuit Judges.

PER CURIAM:

John Salanitro, the appellant, was called before a Grand Jury of the United States District Court for the District of Colorado. After being sworn and his identity established, questions were asked and answers were given as follows:

Q. Did you have a meeting in April of 1967 with—make that September of 1966, did you travel to Denver, Colorado, and meet one of the Smaldones and one Paul Villano at Stapleton Airport?

A. What year was that you say?

Q. '66.

A. No.

Q. You did not.

A. No.

Q. Have you ever come to Denver, Colorado, and met any of the Smaldones at Stapleton Airport?

A. No.

Q. Do you know Paul Villano?

A. No.

Q. Have you ever met Clyde Smaldone?

A. Not to my knowledge, no.

Q. He has a nickname, that is Flip-Flop.

A. Definitely not.·

He was thereafter charged in a one-count indictment with perjury in that the answers given to the questions asked were false. 18 U.S.C.A. § 1621.

* Of the Fifth Circuit, sitting by designation.

At his trial Don R. Anderson, an F.B.I. Agent, testified that the appellant had told him that the appellant and his wife stopped in Denver enroute to Las Vegas and while in Denver he, the appellant, had had a conversation with "one of the Smaldones" at the airport in Denver. William S. Hayes, a detective with the Denver Police Department, testified that he had seen Clyde Smaldone, known as "Flip-Flop", in the Denver airport in conversation with a person whom he did not then recognize. He identified the person with whom Smaldone had talked from his photograph and subsequently from a view of the appellant in the courtroom.

At the trial the appellant was tried before the court without a jury. The appellant urged, as he urges before this court, that the falsity of his statement had not been established by two witnesses or by one witness and corroborating evidence. The district court concluded that the requirements of the two witness rule had been met and adjudged the appellant guilty.

The rule upon which the appellant relies has been thus stated by Professor Wright:

> "In a perjury prosecution the falsity of the statement must be established by the testimony of two independent witnesses or of one witness and corroborating circumstances." 2 Wright, Fed. Practice and Procedure 74, § 404.

The principle has been stated by the Supreme Court in Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L. Ed. 495, 156 A.L.R. 496, and by this Court in Cargill v. United States, 10th Cir. 1967, 381 F.2d 849, cert. denied 389 U.S. 1041, 88 S.Ct. 781, 19 L.Ed.2d 831, and Doty v. United States, 10th Cir. 1958, 261 F.2d 10. See 3 Wharton, Criminal Evidence, 12th Ed., p. 397, § 956.

The conclusion is here reached, as in the district court, that the requirements of the rule were fully met.

The appellant also contended that it had not been shown that his testimony before the Grand Jury was given with an intent to mislead, hamper or frustrate it in its investigation, and that the Government had not shown the materiality of the questions asked in the presence of the Grand Jury. There is no merit in these contentions. The judgment and sentence of the district court is

Affirmed.