123 N.J. Super. 167 (1973)
302 A.2d 138
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
GABRIEL CATTANEO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 22, 1973.
Decided March 21, 1973.
*169 Before Judges CARTON, MINTZ and HORN.
Mr. Seymour Margulies argued the cause for appellant (Mr. Howard M. Stroger, on the brief).
Mr. Edwin H. Stern, First Assistant Prosecutor, and Mr. Edward C. Megill, Assistant Prosecutor, argued the cause for respondent (Mr. Geoffrey Gaulkin, Prosecutor of Hudson County, attorney).
The opinion of the court was delivered by MINTZ, J.A.D.
Defendant was tried to a jury on a four count-indictment in which he was charged in the first two counts with perjury, in violation of N.J.S.A. 2A:131-1, and in the third and fourth counts with false swearing, in violation of N.J.S.A. 2A:131-4. At all relevant times in question defendant was Acting Chief of Detectives in the Hudson County Sheriff's Office and then Chief Inspector in that Bureau.
*170 The indictments resulted from defendant's testimony on September 23, 1971 before the grand jury which was inquiring into certain allegations concerning the purchase of tickets by sheriff's officers in Hudson County to the Democratic Party annual dinner. The first count essentially charged that defendant committed perjury when he testified that to his knowledge within the last ten years it never cost more than $100 for one ticket to that dinner; that in the past four years it never cost any individual more than $100 to receive one ticket, and that he never received more than $100 for an individual ticket from any member of his staff.
In the second count defendant was charged with perjury when he testified before the grand jury that the 3% contribution in Hudson County did not apply to tickets that he distributed; that everyone he spoke to gave willingly; that he had no first hand experience with the 3% contribution tradition, and that he did not ever remember receiving 3% of any employee's salary for a ticket.
The third count charged defendant with false swearing in violation of N.J.S.A. 2A:131-4, based upon the same testimony before the grand jury referred to in the first count. The fourth count charged defendant with false swearing based on the same testimony mentioned in the second count.
The jury found defendant not guilty on the first count; guilty of perjury as alleged in the second count, guilty of false swearing under the third count, and failed to return a verdict on the fourth count. The court thereupon entered a dismissal as to the fourth count. In summary, defendant was convicted of perjury concerning his testimony respecting the 3% contribution of an employee's salary for the purchase of a ticket, and false swearing with respect to his testimony that he never received more than $100 for the sale of a ticket.
Defendant was sentenced from one year to 18 months on the second count and fined $2,000, plus costs of trial. On the third count defendant received the same custodial sentence, *171 to be served concurrently with that imposed on the second count.
On appeal defendant raises several contentions. Initially he argues that the court erred in denying his motion to dismiss the indictment, and that the counts in the indictment charging him with false swearing should have been dismissed as plain error. N.J.S.A. 2A:81-17.2a2 provides that any public employee testifying before a grand jury is immune from prosecution in a subsequent criminal proceeding based upon his grand jury testimony or the evidence derived therefrom. The only stated exception is perjury; there is no immunity from prosecution for that offense. Defendant contends, among other things, that (a) under the cited statute he was immune from prosecution for anything other than perjury; (b) he was the "target" of the grand jury proceeding and the prosecutor was accordingly obligated to advise him of his Fifth Amendment rights, and (c) he had a right to counsel when testifying before the grand jury.
Prior to testifying defendant signed a waiver of immunity, which he now contends was not voluntary and therefore ineffectual.
The motion to dismiss the indictment was made prior to the empanelling of a jury. The trial judge, in denying the motion, referred to the colloquy preceding the execution of the waiver and concluded that defendant fully understood the contents of the waiver of immunity, and further stated that if defendant was the "target" of the grand jury proceeding, his testimony could not be used against him in connection with the substantive offense under investigation, but he would not be immune from a prosecution for perjury or false swearing within the purview of N.J.S.A. 2A:81-17.2al et seq.
We note that defendant was employed in the Sheriff's Office for about 17 years and during the relevant period in question held a superior position. We are satisfied that the record supports the finding that the waiver was fully understood and voluntarily made by defendant. Hence we need not reach the question whether immunity is granted for *172 the lesser offense of false swearing, although not specifically mentioned in N.J.S.A. 2A:81-17.2a2.
Defendant next argues that since he was the "target" of the grand jury proceeding, the prosecutor was obligated to advise him of his Fifth Amendment rights. It is clear that if it is "unmistakable" that the grand jury was actually conducting an investigation directed against the witness, there is a duty to advise him of his privilege against self incrimination. State v. Fary, 19 N.J. 431 (1955). However, this duty does not arise unless the proceeding is merely a "ruse" by which it is sought to induce the witness to unwittingly give evidence against himself. Fary, supra, 19 N.J. at 438. State v. Grundy, 136 N.J.L. 96, 98 (Sup. Ct. 1947). Further, it is the burden of the witness to show that such a "ruse" existed, and any doubt is resolved in favor of the validity of the indictment. Fary, supra, 19 N.J. at 438. In the case at bar, there was no showing that the real purpose of the grand jury proceeding was to obtain incriminating statements that could be used in a planned prosecution of defendant for a substantive offense, or that the proceeding was other than a general inquiry, as recited in the indictment. Moreover, we find that the grand jury proceeding was a general inquiry. Finally, even if defendant was a "target" and therefore was entitled to be advised of his privilege against self incrimination, the failure to so advise does not preclude prosecution for perjury or false swearing. State v. Falco, 60 N.J. 570, 585 (1972); State v. Williams, 59 N.J. 493, 500 (1971).
Defendant's argument that he had a right to counsel is also without merit. That a constitutional right to counsel does not arise when a person testifies at a grand jury proceeding, such as was conducted here, is well-settled. Kirby v. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). In re Groban, 352 U.S. 330, 77 S.Ct. 510, 1 L.Ed.2d 376 (1957). United States v. Morado, 454 F.2d 167 (5 Cir.1972). United States v. DiMichele, 375 F.2d 959 (3 *173 Cir.), cert. den. 389 U.S. 838, 88 S.Ct. 54, 19 L.Ed.2d 100 (1967). State v. Williams, 59 N. J 493, 501-502 (1971).
Defendant argues that the trial court committed reversible error by failing to charge the jury that corroboration was necessary to sustain a conviction for perjury. It is clear that if the State produces a single witness to establish the falsity of the defendant's statement, there must be corroboration of that witness' testimony to sustain a conviction for perjury. State v. Bulach, 10 N.J. Super. 107, 110 (App. Div. 1950); State v. Taylor, 5 N.J. 474 (1950). However, the corroboration may be circumstantial in nature. The rationale behind the rule is that a defendant should not be convicted for perjury on the sole basis of his word being pitted against one other person's word, i.e., "oath against oath." 7 Wigmore on Evidence (3d ed. 1940), §§ 2040, 2041. However, this is not the circumstance in this case.
The State produced seven witnesses at trial who were employees of the Hudson County Sheriff's Office during the period in question. Each testified that at various times he paid defendant sums substantially greater than $100 for a single ticket. Five of the seven also testified to the effect that the sum paid was or was supposed to be 3% of their salaries. It was clear from their testimony that defendant was aware of the sums paid. Several of the witnesses testified that defendant told them the amounts to be paid; another testified that defendant had a sheet of paper with a list of names on it and the amounts to be paid.
The evidence was overwhelming that defendant lied when he testified that he never received more than $100 for one ticket and that the 3% rule never applied to tickets he distributed. There were five, not one, witnesses testifying in direct refutation of defendant's statement that the 3% rule never applied to tickets that he distributed.
It may be argued that corroboration still should have been charged since the jury conceivably may have believed only one of the witnesses. Although the trial judge did not use *174 the term "corroboration" in his charge or explain the concept of corroboration as set forth in State v. Bulach, 10 N.J. Super. 107, 111 (1950), we note that he instructed the jury to determine the guilt or innocence from "the whole complex of all the testimony," stressed the factor of credibility and then told them to decide whether the State had proved defendant's guilt beyond a reasonable doubt. There was no request to charge the necessity for finding corroboration in order to convict for perjury, as in Weiler v. United States America, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1944), and no objection taken to the failure of the trial judge to instruct the jury in this respect. Actually defense counsel at the conclusion of the charge, in the course of making certain objections thereto, stated to the trial judge, "You certainly were explicit on the elements of proof, and I appreciate that." It ill behooves defendant to now urge plain error in the trial court's failure to charge the jury on corroboration.
Under the circumstances of this case, we are satisfied that the error, if any, did not produce an unjust result. State v. Macon, 57 N.J. 325 (1971).
Defendant further contends that the trial judge erred in submitting the entire grand jury testimony to the jury for its consideration in its determination as to whether defendant lied, thereby allowing a finding of guilt based upon the grand jury testimony not alleged to be false in the indictment. However, the trial court especially told the jury that its use of the transcript was limited to the issues of falsity of the subject sets of questions. This was proper. State v. Doto, 16 N.J. 397, 404 (1954).
We have considered defendant's contention that the sentence is manifestly excessive. The trial judge noted defendant's health problem, the rights of the public, and indicated that deterrence was a factor to be considered. We do not find *175 any abuse of discretion committed by the trial judge in connection with the sentence.
We have considered the remaining points urged by defendant and find them to be devoid of merit.
Affirmed.