**UNITED STATES of America, Plaintiff,**

v.

**Anthony V. MORELLI, Defendant.**

**No. 11996.**

United States District Court,
S. D. Ohio, W. D.

July 17, 1973.

---

Norbert Nadel, First Asst. U. S. Atty., Cincinnati, Ohio, for plaintiff.

Arnold Morelli, Cincinnati, Ohio, for defendant.

OPINION AND ORDER ON MOTION TO DISMISS (DOC. 9)

PORTER, District Judge.

Defendant moves to dismiss his indictment for making false material declarations before a grand jury in violation of 18 U.S.C. § 1623 on the following grounds:

"1. Section 1623, Title 18 United States Code, is unconstitutional in that by eliminating the 'two-witness rule' or the 'corroboration rule' for perjury cases, it is a violation of the defendant's rights under the Confrontation Clause of the Sixth Amendment.

"2. Section 1623, Title 18 United States Code, is unconstitutional in that it shifts to the defendant the burden of proving the truth of a prior contradictory statement made under oath in violation of the Due Process Clause of the Fifth Amendment.

"3. Section 1623, Title 18 United States Code, is unconstitutional in that by eliminating the 'two-witness rule' or the 'corroboration rule' in perjury cases, it denies the defendant his right to a fair trial.

"4. A proceeding under Section 1623, rather than under the general perjury statute, 18 United States Code, Section 1621, is in violation of the defendant's rights under the Equal Protection Clause."

We deal initially with the defendant's claim that 18 U.S.C. § 1623, by eliminating the "two-witness rule," denies defendant a fair trial and therefore due process of law.

In Weiler v. United States, 323 U.S. 606, 65 S.Ct. 548, 89 L.Ed. 495 (1945), the Supreme Court refused to adopt the government's argument that the two-witness rule should be abandoned. However, in refusing abandonment, the Court reasoned that: (1) since there was an absence of legislation in derogation of the rule, and (2) since the rule could not be rejected as wholly unrea-

sonable, a decision to discard the rule should not be made:

"Whether it [the rule] logically fits into our testimonial pattern or not, the government has not advanced sufficiently cogent reasons to cause us to reject the rule." 323 U.S., at 609, 65 S.Ct., at 550.

We note that nowhere in the opinion did the Court find that the two-witness rule was constitutionally required.

Section 1623(e) requires proof beyond a reasonable doubt. However, the statute specifically states that:

" . . . . It shall not be necessary that such proof be made by any particular number of witnesses or by documentary or other type of evidence."

We agree with the only reported cases on this issue that § 1623(e) gives us, by Congressional mandate, a sound basis for upholding the elimination of the two-witness rule such as was lacking in the *Weiler* decision. United States v. Ceccerelli, 350 F.Supp. 475 (W.D.Pa., 1972); United States v. McGinnis, 344 F.Supp. 89 (S.D.Tex., 1972).

█ Since we conclude that the defendant has no constitutional right to application of the two-witness rule, it necessarily follows that its abrogation does not deny him confrontation rights under the Sixth Amendment. Defendant simply has no constitutional right to have the government produce more than one witness. He therefore has no constitutional right to confront more than one.

█ We are also of the opinion that § 1623 does not effect an unconstitutional shifting of the burden of proof in perjury prosecutions. Under § 1623 the government is required to prove, beyond a reasonable doubt, that the defendant, while under oath and before a court or grand jury, knowingly made a false declaration as to a material fact. While proof of a false declaration may be shown by proof "that the defendant while under oath made irreconcilably contradictory declarations material to

the point in question in any proceeding before or ancillary to any court or grand jury" [18 U.S.C. § 1623(c)], the government must still prove, beyond a reasonable doubt, that the defendant made such irreconcilably contradictory declarations. It is a valid defense to such a charge that the defendant at the time he made each declaration believed the declaration was true. While one witness may be sufficient to prove the charge beyond a reasonable doubt, the burden of proof, beyond a reasonable doubt, remains upon the government.

█ Defendant's final contention, that § 1623, both on its face and as applied to him through the prosecutorial decision to charge him under this section, denies him equal protection of law must also be rejected. As we noted earlier, a defendant charged with perjury has no constitutional right to application of the two-witness rule. We see no reason why Congress may not, consistent with equal protection principles as applied to the federal government through the Fifth Amendment, establish a new false declaration provision applicable in federal grand jury and court proceedings by which the two-witness rule is abrogated and a conviction is authorized based on irreconcilably contradictory declarations under oath. While perjury may be perjury, we think Congress may permissibly distinguish between proceedings before a court or grand jury and those before a "competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered. . . ." [18 U.S.C. § 1621.] Such a distinction is neither invidious, arbitrary, nor entirely lacking in rational justification. *Cf.*, Gruenwald v. Gardner, 390 F.2d 591 (2 Cir., 1968), cert. den. 393 U.S. 982, 89 S.Ct. 456, 21 L.Ed.2d 445. Accordingly, perjury before a court or grand jury may be more harshly punished.

For the reasons set out above, we are of the view that the defendant's motion to dismiss the indictment is not well taken, and the same is, therefore, dismissed. So ordered.