**Dr. Alexander V. SPAETH, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

No. 13381.

United States Court of Appeals
Sixth Circuit.

April 22, 1958.

George R. Hewes, Toledo, Ohio, and Edwin F. Woodle, Cleveland, Ohio, for appellant.

James C. Sennett, Jr., Asst. U. S. Atty., Cleveland, Ohio, Sumner Canary, U. S. Atty., Cleveland, Ohio, on brief, for appellee.

Before SIMONS, Chief Judge, and MARTIN and STEWART, Circuit Judges.

PER CURIAM.

This is the third time the appellant, Dr. Alexander V. Spaeth, has appealed to this court from a judgment of conviction and sentence on the verdict of a jury. This court reversed the judgment of the district court and remanded the case for retrial on the two former convictions. The first judgment of conviction and sentence was reversed and the case remanded on the refusal of the district judge to give instructions relevant to the rules that circumstantial evidence alone is insufficient to establish the commission of the offense of perjury and that the uncorroborated testimony of a single witness is insufficient to establish the falsity of testimony. This was said to be true, even though two of the requested instructions were not completely accurate and irrespective of the number of prose-

cuting witnesses who actually testified. Spaeth v. United States, 6 Cir., 218 F.2d 361.

The judgment of conviction and sentence of appellant on the second trial was reversed for the action of the district court in shutting off cross-examination of a bank robber in testifying against appellant, who had attempted to provide an alibi for the bank robber. We pointed out that the testimony of the convicted robber against his alibi witness "could well have been guided by his hope of an early parole as a reward for becoming a Government witness against appellant." Spaeth v. United States, 6 Cir., 232 F.2d 776, 779.

On this appeal, we find no merit in the contention of appellant that it was reversible error for the district court to deny appellant's motions for transfer under Rule 19 and for change of venue under Rule 21(a) of the Federal Rules of Criminal Procedure (Title 18, U.S.C.A.). The record reveals no showing that appellant was remotely prejudiced by the transfer of the case for trial at Youngstown, Ohio, instead of at Toledo, Ohio, as requested by appellant. We find no force in the argument of appellant that the government failed to establish the criminal intent of appellant in testifying to a wilful falsehood sufficient to establish perjury. We think our opinion upon the first appeal of the case has adequately rejected that argument, then made to the same effect. Spaeth v. United States, supra. There was no error in the rejection of evidence proffered by appellant in the form of numerous medication cards involving patients, including Sanzo for whom appellant testified as an alibi witness. The proffered evidence was not relevant to the issue in the case on trial and its admissibility would have been collaterally inconvenient to receive, requiring proof of circumstances relating to changes made in the irrelevant medication cards. We find no merit in any of the other assignments of error made by appellant.

Appellant has been three times convicted by jury verdicts for perjury in the Sanzo case. The judgments of conviction and sentence in the first two trials were reversed upon grounds which in no manner gainsaid his guilt. There being no reversible error found in the record in the instant case, the judgment of conviction and sentence is affirmed.