**UNITED STATES of America,**
**Plaintiff,**

v.

**James William VAN VALKENBURG,**
**Defendant.**

**No. 1743-KB.**

United States District Court
D. Alaska,
First Division.

Jan. 17, 1958.

Roger G. Connor, U. S. Atty., Juneau, Alaska, for plaintiff.

C. L. Cloudy, of Ziegler, Ziegler & Cloudy, Ketchikan, Alaska, for defendant.

KELLY, District Judge.

The Motion to Dismiss Indictment filed by the defendant alleging that the indictment does not state facts sufficient to constitute an offense against the United States came on to be heard upon the memorandum brief and the supplemental memorandum brief filed by the defendant in support of said motion and upon the government's brief opposing said motion and the defendant's reply brief thereto.

The indictment charges that the defendant violated 18 U.S.C.A. § 1001 when he stated to the Assistant United States Attorney in Ketchikan that a certain person had stolen two checks from him and that by means of forgery she had cashed the same and that at the time he made this statement the defendant knew the statement was untrue and that this was a false statement of a material fact in a matter within the jurisdiction of a department of the United States.

Defendant contends (1) that the language of the charge does not disclose the circumstances under which the false

statement was allegedly made, that the indictment in effect seeks to charge the defendant with a violation of 18 U.S. C.A. § 1001 for merely failing to tell the truth to an agent of the Department of Justice when the defendant was not under a legal obligation to speak or answer the agent truthfully or otherwise. In support of this contention, the defendant relies almost wholly on the case of United States v. Levin, D.C., 133 F.Supp. 88, decided in the United States District Court for the District of Colorado in 1953. The defendant also contends (2) that this is not a matter within the jurisdiction of the Department of Justice, citing United States v. Stark, D.C.D.Md. 1955, 131 F.Supp. 190.

Section 1001 had its origin in a statute passed almost 100 years ago. From 1863 until 1934 the coverage of the statute was from time to time extended but it was never limited. Prior to the 1934 amendment there was a restriction to false and fraudulent statements or representations where these would involve pecuniary or property loss to the government. The 1934 amendment eliminated this restriction and section 1001 now applies to " 'any false or fraudulent statements or representations' * * * in any matter within the jurisdiction of any department or agency of the United States."

In United States v. Gilliland, 312 U.S. 86, at page 93, 61 S.Ct. 518, at page 522, 85 L.Ed. 598, the court said:

> "The amendment indicated the congressional intent to protect the authorized functions of governmental departments and agencies from the perversion which might result from the deceptive practices described. We see no reason why this apparent intention should be frustrated by construction."

See also: Cohen v. United States, 9 Cir., 1953, 201 F.2d 386. Marzani v. United States, 83 U.S.App.D.C. 78, 168 F.2d 133, affirmed 335 U.S. 985, 69 S.Ct. 299, 93 L.Ed. 431. United States v. Stark, D.C., 131 F.Supp. 190.

From the history of section 1001, it is apparent that the statute has constantly been broadened in order to protect the government from the false claims or statements of those who knowingly and wilfully make such representations. The only other limitation seems to be that those statements must be given in a "matter within the jurisdiction of any department or agency of the United States" to which the statements are made. The Levin case, supra, is to the effect that there must be a legal obligation to make the statement which is falsified and without such legal obligation no crime is committed under section 1001. There is nothing in the section from which to infer such a conclusion.

(1) In Cohen v. United States, supra, [201 F.2d 391] the court discussed the defendant-appellant's contention that in order to preserve the constitutionality of the statute the courts have interpreted it and its earlier counterparts to apply only to statements alleged to be false which were required to be made by some law or regulation. The court said:

> "We do not agree. Although the particular false statements in issue in United States v. Gilliland, supra, were contained in reports and affidavits which were required to be made, the Supreme Court did not indicate that this was an essential condition to the applicability of 18 U.S.C.A. § 80, now § 1001."

In United States v. Stark, supra, the court said [131 F.Supp. 205]:

> "The purpose seems to be to protect the government from the affirmative or aggressive and *voluntary* actions of persons who take the initiative, or, in other words, to protect the government from being the victim of some positive statement, whether written or *oral*, which had the tendency and effect of perverting its normal proper activities." (Emphasis supplied.)

The court in that case was of the opinion that the word "statement" contemplated an affirmative statement voluntarily

made for the purpose of making claim upon or inducing improper action by the government against others.

In Marzani v. United States, supra, it was held that [168 F.2d 142]:

"The pertinent statute does not limit the offense to formal statements, to written statements, or to statements under oath. It applies to 'any false or fraudulent statements or representation, * * * in any matter within the jurisdiction of any department or agency of the United States.' "

In the Marzani case a State Department employee voluntarily sought an interview with his superior officer to discuss a request which had been made for his resignation. The court held that the employee was subject to prosecution for false oral statements made in that interview despite the fact that the employee was not required to attend such an interview or make the statements. In Cohen v. United States, supra, the court in discussing the Marzani case said:

"It will not suffice to distinguish the cases, as appellant urges by noting that in the Marzani case the government employee discussed "officially" with his superior an "official" request for his resignation. The point is that the statements as here, were *voluntarily* made." (Emphasis supplied.)

I find, therefore, that there is no necessity under 18 U.S.C.A. § 1001 that the "statements or representations" be made while under a legal obligation to speak as defendant contends.

(2) Defendant in the instant case further contends that this is not a matter within the jurisdiction of the Department of Justice, relying on United States v. Stark, supra. As to this question which the court discusses in their opinion, they first state:

"The question as to whether on the facts the matter was within the jurisdiction of the FBI or the De-partment of Justice ordinarily would not arise until the trial of the case and would not have presently arisen here except for the stipulation of counsel."

The court further states in referring to the memorandum opinion of District Judge Caffey in United States v. Narelle (Southern District of New York, July 7, 1944):

"The indictment charged that the matter was within the jurisdiction of the Department of Justice. Whether the case was ever tried does not appear. As the indictment alleged the jurisdiction of the Department the motion to dismiss was properly overruled."

It would seem, therefore, that there is no foundation for defendant's Motion to Dismiss the Indictment on this ground. The defendant relies solely on the Stark case wherein the defendant made false statements while under oath to agents of the Federal Bureau of Investigation that he had not bribed employees of the Federal Housing Administration and that he did not know of anyone who had done so. These were negative statements in response to questions by the agents of the Federal Bureau of Investigation. The court held as follows:

"I therefore conclude that in the *particular* situation here presented, the matter was not within the jurisdiction of the FBI or the Department of Justice within the meaning of that phrase as contained in Section 1001."

"The 5th Amendment provides that no person shall be compelled to be a witness against himself in criminal cases. While not strictly applicable here the construction of section 1001 here sought by the government seems inconsistent with this great bulwark of individual liberty. I cannot think that such an application of the section could have been within the intent of

**602**

Congress \* \* \* The alleged false information \* \* \* were not statements for the purpose of *inducing* action by the government \* \* \*. The clear purpose of the section was to operate as a shield for defense rather than as a sword for attack."

"The points decided herein *relate only* to the *particular* case presented." (Emphasis supplied)

It is evident that the holding of the court is intended to be limited to the facts of that case.

The Stark case is easily distinguishable since the indictment herein alleges an affirmative false statement by the defendant to the Assistant United States Attorney to induce that office to take action against a third person. Such governmental action is clearly within the jurisdiction of the office of the United States Attorney.

In De Casaus v. United States, 9 Cir., 250 F.2d 150, the offense charged against the defendant-appellant was violation of 15 U.S.C.A § 714m, in that the defendant-appellant made a false statement to an investigating officer of the Commodity Credit Corporation. In that case the court said:

"Appellant asserts that the statute which he is charged with violating does not apply to statements made to investigating officers. Arguments to that effect have been universally rejected in cases involving like statutes." Citing United States v. Gilliland, supra; Cohen v. United States, supra; Marzani v. United States, supra.

The opinion in the De Casaus case has just been issued in our own circuit and added weight should be given to their expression on the subject even though the case is not based on section 1001. It seems clear that they agree with the cited cases as set out in this opinion.

In view of the foregoing, the Motion to Dismiss the Indictment is hereby denied. An order may be entered in accordance with this opinion.