**UNITED STATES of America**

v.

**John D. EHRLICHMAN et al.**

**Crim. No. 74–116.**

United States District Court, District of Columbia.

July 22, 1974.

See also, D.C., 376 F.Supp. 29.

William H. Merrill, Associate Special Prosecutor, Charles Breyer, Philip Bakes, Philip Heymann, Assistant Special Prosecutors, Washington, D. C., for the U. S.

William S. Frates, Andrew C. Hall, Miami, Fla., Spencer H. Boyer, Henry H. Jones, Washington, D. C., for defendant John D. Ehrlichman.

## MEMORANDUM AND ORDER

GESELL, District Judge.

On July 12, 1974, defendant John Ehrlichman was convicted by a jury on two counts of making false material declarations to a grand jury, 18 U.S.C. § 1623, one count of conspiracy to violate the civil rights of a citizen, 18 U.S.C. § 241, and one count of making false representations to an agent of the Federal Bureau of Investigation, 18 U.S.C. § 1001. Prior to trial, the Court had denied defense motions attacking all of these counts on a variety of grounds, but it had reserved judgment on the applicability of § 1001 pending the presentation of evidence at trial.* Defendant Ehrlichman has since renewed his objection to that count in a motion for judgment of acquittal notwithstanding the verdict or for new trial. After carefully considering the evidence presented at trial and the arguments and briefs of counsel, the Court concludes that Congress did not intend that statute to be applied to statements given to the F.B.I. voluntarily and without oath or verbatim transcription during an interview initiated by the

---

* This reservation was made in part because the Court recognized that the defendant's allegedly false statements to the F.B.I. would be admissible at trial on issues of intent under the other perjury counts even if the count was dismissed, and the Court feared that dismissal before a jury verdict would suggest to the jury that the Court felt that the remaining false statement counts had been proven.

Bureau in the course of a criminal investigation.

Most of the courts that have considered the issue have been troubled by the application of § 1001 to F.B.I. interviews, although they have either denied such application on widely differing rationales or have permitted it on the ground that no particular rationale seemed persuasive in light of the Supreme Court's broad construction of that statute in such cases as United States v. Bramblett, 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594 (1955), and United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598 (1941). *Compare* United States v. Lambert, 470 F.2d 354 (5th Cir. 1972) (rehearing en banc granted April 17, 1973); United States v. Bedore, 455 F.2d 1109 (9th Cir. 1972); Friedman v. United States, 374 F.2d 363 (8th Cir. 1967); United States v. Davey, 155 F.Supp. 175 (S.D.N.Y.1957); United States v. Stark, 131 F.Supp. 190 (D.Md.1955); and United States v. Levin, 133 F.Supp. 88 (D.Colo.1953); *with* United States v. Adler, 380 F.2d 917 (2d Cir.), cert. denied, 389 U.S. 1006, 88 S.Ct. 561, 19 L.Ed.2d 602 (1967); and United States v. Van Valkenburg, 157 F.Supp. 599, 17 Alaska 450 (1950).

The principal difficulty with invoking § 1001 to punish those who lie to the F.B.I. when there is no legal obligation to respond to its inquiry is that the prosecution can thereafter demand sanctions as onerous as those imposed under the general perjury statute, 18 U.S.C. § 1621, without affording those suspected of criminal conduct with any of the safeguards normally provided under that statute. There is no requirement of an oath, no strict rule of materiality, and no guarantee that the proceeding will be transcribed or reduced to memorandum. *See* Marzani v. United States, 83 U.S. App.D.C. 78, 168 F.2d 133, aff'd, 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431 (1948). In short, the F.B.I. interview may occur—as it did here—under extremely informal circumstances which do not sufficiently alert the person interviewed to the danger that false statements may lead to a felony conviction. Friedman v. United States, *supra,* 374 F.2d at 367; United States v. Levin, *supra,* 133 F.Supp. at 90.

This informality is particularly serious in light of the Supreme Court's recent decision in Bronston v. United States, 409 U.S. 352, 93 S.Ct. 595, 34 L. Ed.2d 568 (1972), in which the Court held that an incomplete, misleading or deceptive statement does not constitute perjury so long as it is literally true. If this principle is not applied to prosecutions under § 1001, then it constitutes one more significant safeguard that can be avoided by the application of that statute to F.B.I. interviews. On the other hand, if the *Bronston* literal-truth test *is* applied to allegedly false representations under § 1001, which would appear to be the more reasonable result, then the absence of a transcript would make application of that test nearly impossible. In the instant case, defendant Ehrlichman was faced with the difficult task of arguing that his statements to the F.B.I. were literally true on the sole basis of the agent's sketchy notes, which do not purport to be a verbatim record of either the questions or the answers at issue and which were not even shown to him until shortly before trial.

In light of all these considerations, the Court concludes that § 1001 was improperly invoked in this case. Accordingly, under Rule 29(b) and (c) of the Federal Rules of Criminal Procedure, the verdict of guilty on count two of the indictment is hereby set aside and a judgment of acquittal on that count is entered in its place.

So ordered.