841 F.2d 1123
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Christopher HICKS, Defendant-Appellant.
 No. 87-5619.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 27, 1988.
Decided: Feb. 24, 1988.
 
 C. David Whaley, Morchower, Luxton & Whaley, on brief, for appellant;
 Henry E. Hudson, United States Attorney; N.G. Metcalf, Assistant United States Attorney; Russell E. Allen, Student Assistant to the United States Attorney, on brief, for appellee.
 Before WILKINS, Circuit Judge, HAYNSWORTH, Senior Circuit Judge, and ELLIS, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Christopher Hicks appeals his convictions for multiple firearms offenses in violation of 18 U.S.C.A. Sec. 922 (West 1976 & Supp.1987) and 26 U.S.C.A. Sec. 5861 (West 1980). We affirm.
 
 
 2
 Hicks, a convicted felon, was arrested at his home in December 1986. During the course of this arrest, officers of the Hanover County Sheriff's Department seized several guns which formed the basis of Hicks' convictions.
 
 
 3
 The only issue raised on appeal is Hicks' contention that the district court improperly limited cross-examination of Officer Terry Trimble. Through cross-examination of Trimble Hicks' attorney sought to impeach the testimony of a previous government witness, Roy Baird. Baird, who testified that he had given weapons to Hicks in exchange for drugs, denied selling cocaine during a specified period of time and also, while admitting to possession of certain weapons, denied possession of others. During cross-examination of Trimble, Hicks' attorney attempted to question him about his knowledge of Baird's drug sales and possession of weapons. The government's objection on this line of questioning was properly sustained.
 
 
 4
 Hicks' attorney sought to demonstrate Baird's untruthfulness by proof of specific acts of misconduct which did not result in conviction. Federal Rule of Evidence 608(b) instructs that such conduct may be shown only by questioning the witness sought to be impeached and not by use of extrinsic evidence. In these instances, "the examiner must be content with the witness' answer." United States v. Ling, 581 F.2d 1118, 1121 (4th Cir.1978).
 
 
 5
 Hicks' attorney cross-examined Baird extensively regarding his alleged drug sales and gun possession. This court has noted that the right of cross-examination, while essential, is subject to the discretion of the district court when collateral matters are involved. United States v. Cole, 622 F.2d 98, 100 (4th Cir.), cert. denied, 449 U.S. 956 (1980). The limitation placed by the court on the cross-examination of Trimble was not an abuse of discretion.
 
 
 6
 AFFIRMED.