846 F.2d 75
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth M. JOHNSON, a/k/a President, Defendant-Appellant.
 No. 87-5090.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 5, 1988.
Decided April 15, 1988.
 
 Jodie M. Boylen (Steven Morris Askin, Askin, Pill, Scales & Burke, on brief) for appellant.
 Thomas Oliver Mucklow, Assistant United States Attorney (William A. Kolibash, United States Attorney, on brief), for appellee.
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Kenneth Johnson appeals his conviction on two counts of distribution of cocaine, claiming several instances of reversible error pertaining to evidentiary and other rulings of the district court. Count One of the indictment charged Johnson with distribution of approximately 2.34 grams of cocaine within one thousand feet of a public secondary school, in violation of 21 U.S.C. Secs. 841(a)(1) and 845a(a); Count Two charged distribution of approximately one gram of cocaine in violation of 21 U.S.C. Sec. 841(a)(1). We find no merit in Johnson's contentions, and we affirm.
 
 
 2
 In the course of a covert joint federal and state investigation of narcotics trafficking in the Martinsburg area, West Virginia state trooper Deborah DiFalco, operating undercover, purchased cocaine from Johnson in July and September, 1986. Trooper DiFalco had been introduced to Johnson by Shirley Michael Brown, a paid police informant and confidant of Johnson. Johnson was arrested in October 1986 and tried in March 1987.
 
 
 3
 During voir dire, the defense expressed concern over the possible prejudicial effect of October 1986 media accounts of the numerous arrests that capped the investigation. Defense counsel, concerned about pretrial publicity sought individual interrogation of individual potential jurors out of the presence of the other potential jurors to assist in the exercise of peremptory strikes. This request was denied, although the court did address defendant's concerns by questioning the jurors regarding their exposure to publicity. The voir dire conducted by the court on the publicity issue resulted in the exclusion of one juror, out of an abundance of caution, and the jury was then impaneled without further objection.
 
 
 4
 Prior to the presentation of the government's case-in-chief, the trial court excluded all witnesses but allowed the government, over objection, to designate trooper DiFalco as its representative, permitting her to remain at counsel's table although she was not the first witness called by the prosecution. The government's first witness, Shirley Michael Brown, testified on direct examination as to the circumstances surrounding the July transaction, and admitted that he had accepted a quantity of cocaine from Johnson as a commission for arranging the sale. Johnson objected to this testimony as improper other crimes evidence. The court overruled the objection but did give a contemporaneous limiting instruction. Johnson unsuccessfully moved for a directed verdict at the close of the government's case and was similarly denied judgment of acquittal at the close of all the evidence. Thereafter, the jury returned a verdict of guilty on both counts. Johnson appeals.
 
 
 5
 The first asignment of error pertains to the trial court's conduct of the voir dire. Specifically, appellant charges that it was error to deny defense counsel the opportunity to personally question each potential juror out of the presence of the others regarding media accounts which had appeared about five months prior to trial. We note that despite his concern over the effect of such publicity, the record nowhere reflects any motion for change of venue.
 
 
 6
 The trial court conducted the voir dire, initially questioning the jurors about the publicity, and later, at defendant's request, more closely examined each juror. Only one juror, a certain Davis, recalled reading or hearing anything about the defendant, and he was excused. Since the only juror who even connected the defendant to the case was excused, there obviously was no error attendant to pre-trial publicity. Moreover, the trial court did not abuse its discretion by refusing to allow counsel to conduct the voir dire. United States v. Duncan, 598 F.2d 839, 865, n. 25 (4th Cir.1979). Certainly the publicity was not so pervasive as to poison the atmosphere and prevent a fair trial in all events.
 
 
 7
 Defendant further complains that the trial court refused to exclude trooper DiFalco notwithstanding the fact that she was scheduled to be a government witness. See Fed.R.Evid. 615.[1] He assigns error to the court's decision to allow trooper DiFalco to remain at counsel's table during the testimony of the first prosecution witness, Shirley Michael Brown. The trial court may except the government's chief investigating officer from a Rule 615 sequestration order. United States v. Parodi, 703 F.2d 768 (4th Cir.1983). While we have recognized that it might be preferable to have the agent testify as the government's first witness, this suggested course may be varied by the trial court in the exercise of discretion. Parodi at 774. Shirley Michael Brown testified as to how trooper DiFalco came to know of the defendant as well as to the facts surrounding the first transaction. Trooper DiFalco was the second witness, and she testified as to the circumstances surrounding the purchases from the defendant. This order of proof furthered continuity and coherence in the presentation of the government's case, therefore it was within the court's discretion to allow trooper DiFalco to remain throughout Brown's testimony.
 
 
 8
 Johnson raises several issues pertaining to the evidence adduced at trial, first asserting that the probative value of Brown's testimony regarding the cocaine given him as a commission by Johnson, as payment for arranging the deal, is outweighed by the prejudicial effect of such evidence. See Fed.R.Evid. 404(b). The trial court ruled that this evidence was admissible under Rule 404(b). Johnson also complains of prejudice attendant to the admission of evidence concerning his illegal entry into the United States. Testimony on this latter point was elicited from him on cross examination, and the record indicates that there was no objection to this line of questioning. Since there was no objection raised at trial, we need not reach the issue of admissibility, for we do not think it was plain error. At trial, Johnson advanced the principal defense of mistaken identity, denying having ever previously met trooper DiFalco. Rule 404(b) provides for the admission of evidence of other crimes to prove lack of mistake and identity. The trial court had discretion to admit this evidence as relevant to the principal defense asserted. Moreover, when this evidence was admitted the trial court gave a cautionary instruction which served to minimize any reasonably possible prejudice. We think there was no error in admitting either item of evidence.
 
 
 9
 Johnson also contends that the trial court erred in limiting his cross examination of Shirley Michael Brown. Johnson claims that he was prevented from inquiring about the criminal acts of the witness' sister as well as the allegedly lenient sentence given Brown's brother-in-law. The contention is that he was prevented from offering evidence going to the bias of the witness. The record, however, reveals that appellant was not limited in his cross examination of this witness as to what he knew of his sister's difficulties and if any lenience to her affected his testimony. Rather, he was allowed wide latitude and in fact did make the inquiry that he now claims was denied him. We therefore fail to see the merit in this contention in this context. The district court did limit the extent of inquiry into some previous drug activity of Brown's sister, a reasonable limitation of inquiry into collateral matters of doubtful relevance to the question at hand. United States v. Cole, 622 F.2d 98 (4th Cir.1980).
 
 
 10
 We turn to Johnson's argument that it was error to deny his motion for judgment of acquittal. The testimony of both the informant who introduced the defendant to the police as well as that of the investigating police officer identified Johnson as the person who sold the cocaine. Johnson was the only witness whose testimony contradicted that of the prosecution witnesses. We conclude that the verdict was amply supported by the evidence. The question was simply one of credibility.
 
 
 11
 Johnson challenges 21 U.S.C. 845a(a) as violative of due process because the statute does not require proof of specific intent to sell a controlled substance within one thousand feet of a school.[2] This argument has been rejected before, and we agree that this schoolyard provision is a rational means of achieving the desired end of lessening the risk that drugs would be readily available to school children. United States v. Holland, 810 F.2d 1215 (D.C.Cir.1987), cert. denied, 107 S.Ct. 2199 (1987); see United States v. Agilar, 779 F.2d 123 (2nd Cir.1985), cert. denied, 475 U.S. 1068 (1986).
 
 Accordingly, the judgment of conviction is
 
 12
 AFFIRMED.
 
 
 
 [1]
 Federal Rule of Evidence 615 (exclusion of witnesses) provides:
 At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses, and it may make the order of its own motion. The rule does not authorize exclusion of (1) a party who is a natural person, or (2) an officer or employee of party [sic] which is not a natural person designated as its representative by its attorney, or (3) a person whose presence is shown by a party to be essential to the presentation of the party's cause.
 
 
 [2]
 Section 845a (Distribution or manufacturing in or near schools and colleges) provides, in subdivision (a), as follows:
 Any person who violates section 841(a)(1) or section 856 of this title by distribution or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university is ... punishable (1) by a term of imprisonment, or fine, or both up to twice that authorized by section 841(b) of this title; and (2) at least twice any special parole term authorized by section 841(b) of this title for a first offense. Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a term of imprisonment under this subsection shall not be less than one year. The mandatory minimum sentencing provisions of this paragraph shall not apply to offenses involving 5 grams or less of marijuana.